# IN THE COURT OF APPEALS OF IOWA

No. 22-0407
Filed August 30, 2023

**MICHAEL STEPHEN LEHMAN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Linn County, Patrick R. Grady,

Judge.

　　Michael Lehman appeals the denial of his application for postconviction

relief. **AFFIRMED.**

　　Gregory F. Greiner, West Des Moines, for appellant.

　　Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

　　Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

In 2015, the State charged Michael Lehman with first-degree murder and first-degree burglary after he stabbed a man to death in a motel room. The parties reached a plea agreement. Pursuant to the agreement, Lehman pleaded guilty to an amended charge of second-degree murder and was sentenced to a prison term not to exceed fifty years.

Lehman filed an application for postconviction relief (PCR). Following a trial, the district court denied his application. Lehman appeals. He raises one issue. He asserts his trial counsel was ineffective for failing to have his competency evaluated.

Defendants are entitled to effective assistance of counsel in the plea-bargaining process. *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). A PCR applicant's assertion of ineffective assistance of defense counsel raises a constitutional claim, so our review is de novo rather than for errors at law. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). With de novo review, we give weight to the district court's findings, but we are not bound by them. *Id.*

An applicant seeking PCR must prove both of the following by a preponderance of the evidence: (1) counsel failed to perform an essential duty and (2) the failure resulted in prejudice. *Dempsey*, 860 N.W.2d at 868. As both prongs need to be established, if an applicant fails to prove one prong, we need not address the other. *Id.*

As to the first prong of the two-pronged test, consistent with it being the applicant's burden to establish ineffective assistance of counsel, we presume an

attorney performed competently. *Id.* The standard for measuring counsel's performance is one of "a reasonably competent practitioner." *Id.* (citation omitted).

As to the second prong, the applicant must prove that counsel's subpar performance resulted in prejudice. *Id.* Prejudice is established when an applicant proves that, but for counsel's unprofessional errors, the probability of a different result rises to the level that it undermines our confidence in the outcome. *Id.* at 868–69.

As noted, Lehman claims his plea counsel was ineffective for failing to have his competency evaluated. Based on our de novo review, we determine Lehman has failed to prove both prongs of his ineffective-assistance-of-counsel claim.

When evaluating competency, "[t]here is a presumption that a defendant is competent, and the defendant has the burden to prove incompetence." *State v. Newman*, 970 N.W.2d 866, 871 (Iowa 2022). At the PCR trial, Lehman failed to present persuasive evidence that he was incompetent at the time leading up to and during his guilty plea. On appeal, he points, generally, to two classes of evidence in support of his claim that plea counsel should have sought evaluation of his competence—his behavior the night of the stabbing and his long history of mental-health issues. But neither of these classes of evidence meets Lehman's burden.

While his behavior on the night of the stabbing may raise issues of various legal defenses, it does not govern the reasonableness of plea counsel's failure to seek a competency evaluation months later because "[t]he question is one of present competency, not past malady." *See State v. Einfeldt*, 914 N.W.2d 773, 783 n.3 (Iowa 2018). This is also why "a past history of mental illness, without

more, is insufficient to trigger a competency hearing." *Id.* So, even if Lehman's mental illness was present during the time leading up to and including the plea hearing, that fact "is not necessarily sufficient to trigger the requirement of a competency hearing under Iowa Code section 812.3 [(2016)] and due process." *See id.* What would trigger defense counsel's obligation to seek a competency hearing would be present mental illness "sufficient to give rise to a serious question as to whether the defendant meaningfully underst[ood] the charges and [was] capable of meaningfully assisting in the defense." *Id.*

The evidence presented at the PCR trial convinces us that Lehman meaningfully understood the charges and was capable of meaningfully assisting in his defense. Lehman testified that, while his case proceeded, he felt that he understood the process. Plea counsel testified that it was very clear to him that Lehman had recollection of events. Counsel also testified that (1) he did not recall having any concerns about Lehman's competency; (2) Lehman appeared to understand what was going on with his case; (3) Lehman appeared to understand the issues and what his options were; (4) Lehman appeared to understand court procedure, such as who the participants were and how the trial would work; and (5) he did not have any concerns about Lehman's ability to assist in his own defense. Plea counsel's testimony was largely unrebutted. Under these circumstances, we find that plea counsel had no reason to question Lehman's competency, so plea counsel did not breach any duty owed to Lehman in failing to request a competency hearing. *See Newman*, 970 N.W.2d at 871 (finding there was nothing indicating the need for a competency hearing when "the defendant was lucid, oriented to time and place, demonstrated an understanding of the

proceedings and the role of the persons present, demonstrated an ability to communicate with his lawyer, and demonstrated an appreciation of the charge against him and the consequences of pleading guilty").

Although the finding that Lehman's plea counsel did not breach any essential duty owed to Lehman ends the inquiry, we briefly address the prejudice prong. Even assuming for the sake of discussion that Lehman's counsel should have requested a competency hearing and breached an essential duty by failing to do so, Lehman failed to prove prejudice. In the context of a claim that counsel was ineffective for failing to have a defendant's competency evaluated, "prejudice can be established by proving a reasonabl[e] probability the defendant would have been found unfit had a competency hearing been held." *Karns v. State*, No. 21-0758, 2022 WL 2348144, at *3 (Iowa Ct. App. June 29, 2022) (alteration in original) (quoting *McGee v. State*, No. 19-1335, 2020 WL 5650470, at *5 (Iowa Ct. App. Sep. 23, 2020)). Here, no evidence was presented at the PCR trial that could support a conclusion that, had a competency evaluation been requested, it would have revealed that Lehman was incompetent. Without such evidence, Lehman has failed to meet his burden to prove prejudice. *See id.* at *4 ("To [meet Karns's burden to establish prejudice], Karns has to prove it is reasonably likely he would have been found incompetent at the time he entered the guilty pleas. But the only evidence we have to support a claim Karns was incompetent is a list of diagnoses and the fact that he was not taking his medication as prescribed. To conclude that list is sufficient evidence to establish Karns's likely incompetence would require us to assume that certain untreated diagnoses always render a person incompetent. We can't make that leap." (footnote omitted)).

Having concluded Lehman failed to meet both prongs of his ineffective-assistance-of-counsel claim based on counsel's failure to seek a competency evaluation, we affirm the denial of Lehman's PCR application.

**AFFIRMED.**